IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00496-BNB

DEBBIE BELL,

    Plaintiff,

v.

WARDEN NOBLE WALLACE,
DR. POLLACK, and
RAY RICE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 4 2007

GREGORY C. LANGHAM
               CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Debbie Bell, is a prisoner in the custody of the Colorado Department of Corrections at the Denver Women's Correctional Facility at Denver Colorado, Ms. Bell initiated this action by filing *pro se* a complaint. On April 3, 2007, she filed on the proper form a Prisoner Complaint alleging that her constitutional rights have been violated. The court must construe the amended complaint liberally because Ms. Bell is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Bell will be ordered to file a second amended complaint.

The court has reviewed the amended complaint filed in this action and finds that it is deficient. Ms. Bell claims in the complaint that she has been denied adequate medical care. However, she fails to allege specific facts in support of her claims to

demonstrate that each named Defendant personally participated in the asserted denial of medical care. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Bell must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Ms. Bell will be directed to file a second amended complaint in which she alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Ms. Bell is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). Therefore, Ms. Bell should name as Defendants in the second amended complaint the individuals she believes actually violated her constitutional rights. Accordingly, it is

ORDERED that Ms. Bell file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Bell, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

2

FURTHER ORDERED that, if Ms. Bell fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED May 4, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00496-BNB

Debbie Bell
Prisoner No. 83761
DWCF
PO Box 392005
Denver, CO 80239

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 5/4/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk