IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00496-REB-MEH

DEBBIE BELL,

    Plaintiff,

v.

NOBLE WALLACE,
RAY RICE, and
DR. POLLACK,

    Defendants.

---

**ORDER ON MOTION FOR AMENDMENT AND COURT ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Amendment and [for] Court Order ("Motions") [doc #37]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1C, the matter has been referred to this Court for disposition. Oral argument will not materially assist the Court in the disposition of the Motions. For the reasons set forth below, the Court **grants** the Plaintiff's Motion for Amendment and **denies** the Plaintiff's Motion for Court Order.

**I.    Background**

Plaintiff filed this action against the Defendants alleging claims of "deliberate indifference," "negligence" and "discrimination." [Complaint at 3.] Essentially, Plaintiff claims that (1) Defendant Rice was deliberately indifferent to Plaintiff's needs by charging the Plaintiff excessive co-pays for medical treatment [Complaint at 5]; (2) Defendants were negligent in losing a pair of Plaintiff's personal eyeglasses valued at $399.00 and have refused to replace them or refund the cost [Complaint

at 14]; and (3) Defendant Pollack retaliated against the Plaintiff by refusing to see her on two visits and by removing her medical restrictions, which included an allowance for a bottom bunk, and which caused the Plaintiff harm when she experienced a muscle spasm, fell out of a top bunk, hit the edge of a desk and lost a tooth. [Complaint at 20.]

In response, Defendant Pollack, acting *pro se*, filed an "Answer" to the Complaint on July 17, 2007, denying that he refused to see the Plaintiff and providing explanations for any "removal" of her medicines or restrictions. [Answer, doc #18.] Thereafter, on August 14, 2007, Defendants Pollack and Rice together filed a Motion to Dismiss claiming they were qualifiedly immune from liability for Plaintiff's claims [doc #20]. This Court granted Defendants' Motion to Stay Discovery on August 23, 2007 [doc #25] based upon their immunity defenses. On September 18, 2007, this Court recommended that Defendants' Motion to Dismiss be granted as to Plaintiff's first two claims for relief, but denied as to the third claim [doc #28]. Plaintiff filed a timely objection to the Recommendation on September 25, 2007 [doc #32]. The Recommendation is currently pending before the District Court.

Plaintiff filed the within Motion for Amendment[1] requesting that Section G of her Complaint be amended to reflect an additional remedy for $5 million for compensatory (pain and suffering) and punitive damages. Motion at 1-2. Defendants responded, arguing that Plaintiff's amendment would

---

[1]It appears that the Motion has been improperly docketed as linked to document number 36, Plaintiff's "Amended Complaint and Restraining Order and a Court Order." The within Motion was filed fifteen (15) days after document 36 was filed and, in no way, refers to the document. Moreover, Plaintiff filed document 36 without leave of court or written consent by the Defendants in violation of Fed. R. Civ. P. 15(a). Further, document 36 includes two requests for relief: (1) to remove the assignment of Plaintiff's current case manager and (2) four free telephone calls per month. Plaintiff has failed to demonstrate she has exhausted her administrative remedies with respect to the first request, and as for the second request, she has filed a duplicate request for telephone calls in the within Motion. Finally, the Court invited Plaintiff to file a proposed amended complaint in support of this Motion, but she failed to do so.

be futile against Defendant Rice, since this Court has already recommended that the claims against Rice be dismissed. Response at 4. With respect to Defendant Pollack, Defendants claim that Plaintiff is barred by 42 U.S.C. § 1997e(e) from seeking damages for alleged emotional or psychological injuries without a prior showing of physical injury for each claim alleged. *Id.* at 5. This Court then ordered Plaintiff to file a reply to Defendants' response, along with a proposed amended complaint in support of her Motion for Amendment [doc #43].

Although Plaintiff referred to a "proposed amended complaint" in her reply, she did not actually attach or file such a document [*see* doc. #44]. Nevertheless, with respect to her Motion for Amendment, Plaintiff contends that her request for compensatory and punitive damages applies to "any and all defendants" involved in this case. Reply at 2. Moreover, Plaintiff argues that she has, indeed, suffered physical injuries in the form of losing a tooth, back spasms and pain, and knee pain, and thus, may properly seek compensatory and punitive damages. *Id.*

In addition, Plaintiff filed the within Motion for Court Order requesting "four free phone calls . . . to call family or attorney." Motion at 2. Defendants responded, arguing that Plaintiff is not entitled to the free phone calls, since she "has no constitutional right to make personal telephone calls" to family, and because she has identified no reason why she should be entitled to special privileges for free calls to locate an attorney. Response at 3-4. In her Reply, Plaintiff explains, "[w]hat I meant by requesting an order for "free" calls is that calls to my attorney should not be counted in the monthly allotment [of two calls]; I did not mean that someone other than myself should pay the bill." Reply at 1.

**II.     Discussion**

    A.     <u>Motion for Court Order</u>

Plaintiff asks the Court to order that she receive "four free phone calls a month," which,

following Plaintiff's explanation, the Court construes as a request for two additional calls to her monthly allotment of two calls. Defendants contend that Plaintiff "has identified no reason why she should be entitled to special privileges (additional free phone calls) which other inmates do not receive." Response at 3-4. The Court agrees. Plaintiff has failed to demonstrate that other inmates are allowed to make phone calls to their attorneys, which are not included in their monthly call allotments. Therefore, the Court denies Plaintiff's Motion for Court Order.

B. <u>Motion for Amendment</u>

Once a responsive pleading to the complaint is filed, a party may amend his or her complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see Foman,* 371 U.S. at 182.

Here, Plaintiff seeks to add claims for compensatory and punitive damages against the Defendants. Defendants contend that Plaintiff's claim for compensatory and punitive damages against Defendant Rice is "futile," since this Court has recommended that Plaintiff's claims against Defendant Rice be dismissed. Response at 4-5. With respect to Defendant Pollack, Defendants argue that Plaintiff may not seek damages for mental or emotional injury absent a showing of a physical

injury, in accordance with the Prison Litigation Reform Act ("PLRA"), and contend that "it is unclear from the Motion what physically [sic] injury Defendant Pollack's alleged retaliation purportedly caused." Response at 5.

Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody *without a prior showing of physical injury*." 42 U.S.C. § 1997e(e) (2007) (emphasis added); *see also Searles v. Van Bebber,* 251 F.3d 869, 875-77 (10th Cir. 2001), *cert. denied,* 536 U.S. 904 (2002). While the PRLA requires "physical injury," the threshold may not be particularly high. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997) (suggesting that the PRLA requirement should be construed consistent with the "well-established Eighth Amendment standard," and must be more than *de minimis,* but need not be significant). Accordingly, the Tenth Circuit has suggested that, although allegations of physical pain alone may be insufficient to overcome the PLRA bar, when paired with allegations of more tangible physical effects, they state a valid claim. *Sealock v. Colorado,* 218 F.3d 1205, 1210 n. 6 (10th Cir.2000) ("assuming without deciding that physical pain constitutes 'mental or emotional injury' within the meaning of the [PLRA]," but holding that appellant satisfies the physical injury requirement with his prior showing of a heart attack). *See also Mata v. Saiz,* 427 F.3d 745, 755 (10th Cir.2005) (finding that prolonged chest pain, followed by a heart attack, formed the basis for a claim not for emotional injury, but for physical injury, and, thus, survived the PLRA bar).

In the operative pleading in this case, Plaintiff claims that (1) Defendant Rice was deliberately indifferent to Plaintiff's needs by charging the Plaintiff excessive co-pays for medical treatment [Second Amended Complaint at 5]; (2) Defendants were negligent in losing a pair of Plaintiff's personal eyeglasses valued at $399.00 and have refused to replace them or refund the cost [Complaint at 14]; and (3) Defendant Pollack retaliated against the Plaintiff by refusing to see her on two visits,

by failing to renew her medication, and by removing her medical restrictions, which included an allowance for a bottom bunk. [Complaint at 20.] Plaintiff claims that the retaliation caused the her harm when she fell out of a top bunk, injured her knee, hit the edge of a desk and lost a tooth. *Id.* Clearly, Plaintiff alleges no physical injuries resulting from her first two claims for relief. However, Plaintiff's third claim alleges that, as a result of Defendant Pollack's retaliation, she suffered actual physical injuries to her knee, back and mouth. In the within Motion, Plaintiff states that she has suffered, and still suffers, "fear, trepidation, nightmares, loss of enjoyment of life," and "emotions [that] are off the chart." Motion at 1-2. Consequently, the Court finds that Plaintiff's allegations are sufficient to overcome the PLRA's bar and would not suffer futility. Moreover, Plaintiff's claims are not brought in bad faith, nor will cause undue delay. Therefore, the Court grants Plaintiff's Motion for Amendment to add a claim for compensatory damages.

In addition, "punitive damages may be recovered for constitutional violations without a showing of compensable injury." *Searles,* 251 F.3d at 880. To obtain punitive damages under 42 U.S.C. § 1983, a plaintiff must show that defendant's conduct was " 'motivated by evil motive or intent, or ... involve[d] reckless or callous indifference to the federally protected rights of others.'" *Id.* at 879 (quoting *Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)). Plaintiff contends that "due to [Defendants'] blatent [sic] disregard for [her] health," she has suffered physical, mental and emotional injuries, as well as significant delays in medical treatment. Motion at 1, 2. The Court finds that, construing Plaintiff's allegations liberally, leave to amend should not be refused in this instance. Discovery has not commenced, and has been stayed pending a ruling on Defendants' Motion to Dismiss; thus, Defendants will suffer no undue prejudice if Plaintiff is granted leave to add an additional claim. Therefore, the Court will grant Plaintiff's Motion for Amendment to add a claim for punitive damages.

**III. Conclusion**

Accordingly, for the reasons stated above, the Court ORDERS that Plaintiff's Motion for Amendment and [for] Court Order [filed December 5, 2007; doc #37] be **granted in part and denied in part** as follows:

(1)     Plaintiff's Motion for Court Order is **denied**; and

(2)     Plaintiff's Motion for Amendment is **granted**. Within ten days following the District Court's ruling on the pending Motion to Dismiss, Plaintiff shall file a Third Amended Complaint asserting any claims in this matter that have not been dismissed, as well as any claims for compensatory and punitive damages, which may be recovered by law.

Dated at Denver, Colorado this 29th day of January, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge