IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00496-PAB-MEH

DEBBIE BELL,

    Plaintiff,

v.

DR. POLLACK,

    Defendant.

_____

**RECOMMENDATION ON MOTION FOR INJUNCTIVE RELIEF**
_____

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is a Plaintiff's Motion for Court Order to have Colon Surgery [filed September 16, 2008; doc #65]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motion has been referred to this Court for recommendation [docket #67]. The Court recommends that, for the reasons stated herein, the Motion be **denied**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

In Plaintiff's Second Amended Prisoner Complaint, Plaintiff alleged claims of "deliberate indifference," "negligence" and "discrimination" against Warden Noble Wallace, Dr. Nathan Pollack and Nurse Rae Rice. (Docket #11 at 3.) On March 10, 2008, the District Court dismissed Plaintiff's claims against Defendants Wallace and Rice, but allowed her claim for retaliation to proceed against Dr. Pollack . (*See* docket #50.) Plaintiff filed the within motion requesting that the Court order "emergency" colon surgery and the continuance of certain medications relating to her trouble with her bowels. (Docket #65 at 1-2.) Plaintiff claims that Dr. Pollack canceled the surgery two years ago, and that she has been suffering pain, bleeding, and hemorrhoids as a result. (*Id.*)

In response, Defendant counters that Plaintiff's request for relief is not related to this litigation, and that she cannot prove the elements necessary for preliminary injunctive relief. (Docket #73.) Plaintiff did not file a reply to the response.

## DISCUSSION

Construing Plaintiff's motion liberally as I must, I find that Plaintiff is seeking preliminary injunctive relief for Defendant's alleged retaliation. To the extent that Plaintiff is requesting improved medical care, I find that Plaintiff is unable to meet her burden to show that a preliminary injunction is necessary. A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public

interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> Because the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions ... (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.

*Schrier,* 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Again, Plaintiff appears to seek a preliminary injunction requiring Defendant to provide her improved medical care. The relief sought would alter the status quo rather than preserve it and would also require Defendant to act. For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Id.* at 1259, 1261.

First, Plaintiff must show that she will suffer irreparable injury if her request for preliminary injunction is denied. *Id.* at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.' " *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wisconsin Gas Co. v. FERC,* 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the

preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted).

Here, Plaintiff attached to her motion a document titled, "DWCF Medical Clinic - Message from Medical" addressed to her and dated August 12, 2008. *See* docket #65 at 7. The message informs Plaintiff that the author has reviewed Plaintiff's medical chart, observes that Plaintiff had visited providers "multiple times in the last two years," and advises that "you need to talk to [providers] about colon surgery." *Id.* The author also encourages Plaintiff to address her medication issues with a provider. *Id.* The author then informs Plaintiff that he/she "will get you in to see Deanna Romero, who will be your primary." *Id.* Plaintiff does not address in her motion, filed a month later, whether she saw the provider as scheduled and/or whether a provider has made a determination about surgery or her medication issues. Therefore, Plaintiff's assertion that she will suffer irreparable harm at this point is merely speculative. Such evidence fails to demonstrate that Plaintiff will suffer irreparable harm without a grant of injunctive relief at this stage of the litigation.

## **CONCLUSION**

Based on the foregoing, and the entire record herein, I do hereby RECOMMEND that the District Court deny the Plaintiff's Motion for Court Order to have Colon Surgery [filed September 16, 2008; doc #65].

Dated at Denver, Colorado, this 27th day of October, 2008.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge