IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00496-PAB-MEH

DEBBIE BELL,

    Plaintiff,

v.

DR. POLLACK,

    Defendant.

## RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to this Court's Order to Show Cause for her failure to make the required monthly payment or show cause why she has no assets and no means by which to make the monthly payments for the months of December 2008, January 2009 and February 2009 despite this Court's orders to do so.

The Court recommends that, for the reasons stated herein, this case be **dismissed without prejudice**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d

## BACKGROUND

Plaintiff filed this prisoner action *pro se* on March 13, 2007. By an Order entered April 6, 2007, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Docket # 6. Pursuant to § 1915(b)(2), Plaintiff is required to make "monthly payments of 20 percent of the preceding month's income credited to her account" until the filing fee is paid in full. In the Order granting Plaintiff leave to proceed *in forma pauperis*, Plaintiff was instructed either to make the required monthly payments or to show cause each month why she has no assets and no means by which to make the monthly payment. In order to show cause, Plaintiff was directed to file a certified copy of her inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action. She was warned a second time on August 17, 2007. Docket #22.

On March 26, 2009, Defendant moved for an Order to Show Cause for Plaintiff's failure to make the required monthly payment, or show cause why she has no assets and no means by which to make the monthly payments, for the months of December 2008, January 2009 and February 2009. Docket #80. In addition, Defendant notified the Court that Plaintiff was released from incarceration in December 2008, yet she made no effort to contact the Court to change her address in accordance with the local rule. According to Defendant, Plaintiff has had no communication with Defendant with respect to expert discovery deadlines set in January 2009 and February 2009, and the mail sent to her current address has been returned as undeliverable.

This Court granted Defendant's motion and issued an Order to Show Cause on March 27, 2009. Docket #84. Plaintiff failed to respond to the Order by the April 13, 2009 deadline.

---

1159, 1164 (10th Cir. 1986).

Moreover, Plaintiff has since failed to make her required monthly payment or show cause for her failure to pay for the month of March 2009.

## DISCUSSION

As stated above, the Court was informed by defense counsel that Plaintiff has been released from incarceration [docket #80-2]; however, Plaintiff has not provided the Court with any updated address and has not contacted either the Court or defense counsel in any capacity. *See* D.C. Colo. LCivR 10.1M (2008) (a party must file with the Court notice of a new address within ten days after a change of address); *see also Thornton v. Estep*, 209 F. App'x 755, *2 (10th Cir. 2006) (affirming dismissal of petition for petitioner's failure to prosecute when petitioner failed to notify court of new address). Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, despite repeated warnings, Plaintiff has failed to comply with 28 U.S.C. § 1915(b)(2) by making no payments or by showing cause why she cannot make payments toward her filing fee for the months of December 2008 through March 2009. For this reason alone, the Court may dismiss the action without prejudice. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiff has failed to prosecute this case with due diligence by her failures to respond to this Court's order to show cause, to contact the Court with a change of address following her release from prison, and to make payments, or show cause why she cannot make payments, toward the filing fee for the last four months. For these reasons, the Court recommends finding that dismissal of this action against the Defendant is warranted.

## **CONCLUSION**

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I do hereby RECOMMEND that the District Court dismiss this case without prejudice for Plaintiff's failure to prosecute this action.

Dated this 20th day of April, 2009, in Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge